T.C. Memo. 2013-58

UNITED STATES TAX COURT

MICHAEL BURT, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16542-10.                          Filed February 25, 2013.

Michael Burt, pro se.

A. Gary Begun, for respondent.

MEMORANDUM OPINION

CHIECHI, Judge: This case is before us on respondent's motion for

summary judgment (respondent's motion).[1] We shall grant respondent's motion.

---

[1]Respondent filed a motion for entry of decision. By Order dated January 11, 2013, we recharacterized that motion as a motion for summary judgment and recharacterized petitioner's response to respondent's motion for entry of decision

(continued...)

[*2]                                    Background

The record establishes and/or the parties do not dispute the following.

Petitioner resided in Michigan at the time he filed the petition.

On November 14, 2006, a Federal grand jury for the U.S. District Court for the Eastern District of Michigan returned a four-count indictment (indictment) against petitioner. In that indictment, petitioner was charged with violating section 7201[2] by willfully attempting to evade and defeat Federal income tax (tax) for each of the years 1998 through 2001. The indictment charged that petitioner had the following unreported taxable income and unpaid tax liabilities for those years:

| Year | Unreported taxable income | Unpaid tax liability |
|------|---------------------------|----------------------|
| 1998 | $49,263 | $21,146 |
| 1999 | 55,400 | 23,478 |
| 2000 | 64,462 | 26,745 |
| 2001 | 90,394 | 34,452 |

---

[1](...continued)
as petitioner's response to respondent's motion for summary judgment (petitioner's response).

[2]All section references are to the Internal Revenue Code (Code) in effect for the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

[*3]   On May 22, 2008, after a trial in the U.S. District Court (criminal proceeding), a jury found petitioner guilty on all counts in the indictment.  The U.S. District Court sentenced petitioner, inter alia, to 27 months' imprisonment with two years of supervised release.

On December 5, 2008, petitioner appealed his conviction to the U.S. Court of Appeals for the Sixth Circuit.  On June 4, 2010, the Court of Appeals affirmed petitioner's conviction.

On April 23, 2010, respondent issued a notice of deficiency (notice) to petitioner.  In that notice, respondent determined the following deficiencies in, additions to, and fraud penalties on petitioner's tax for petitioner's taxable years 1998 through 2002:[3]

| | | Additions to tax under secs. | | | | Penalty under sec. |
| Year | Deficiency | 6651(a)(1) | 6651(a)(2) | 6651(f) | 6654(a) | 6663(a) |
|---|---|---|---|---|---|---|
| 1998 | $33,879 | $8,470 | --- | --- | --- | $25,409 |
| 1999 | 1,606 | (196) | --- | --- | --- | 19,135 |
| 2000 | 44,106 | --- | $11,027 | $31,977 | $2,372 | --- |
| 2001 | 9,414 | --- | 2,354 | 6,825 | 376 | --- |
| 2002 | 12,177 | --- | 3,044 | 8,828 | 407 | --- |

---

[3]All amounts are rounded to the nearest dollar.

**[\*4]** On September 2, 2011, we issued an Order granting respondent's motion for partial summary judgment. In that Order, we held that "petitioner is estopped from denying liability for the fraud additions to tax and penalties for 1998 through 2001."

On October 15, 2012, we issued an Order in which we ordered petitioner to file a response to respondent's motion. In that Order, we also indicated that our review of the record suggested that petitioner might intend to advance in this case frivolous and/or groundless statements, contentions, arguments and/or questions. We reminded petitioner in the Order dated October 15, 2012, about section 6673(a)(1) and admonished him that if he advanced frivolous and/or groundless statements, contentions, arguments, and/or questions and/or instituted or maintained this proceeding primarily for delay, we would impose on him a penalty under section 6673(a)(1) in an amount not exceeding $25,000.

## Discussion

We may grant summary judgment where there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994).

**[*5]** In respondent's motion, respondent seeks summary adjudication that petitioner is liable for the following amounts[4] of deficiencies in, additions to, and fraud penalties on petitioner's tax for his taxable years 1998 through 2001:[5]

| | | Additions to tax under secs. | | | | Penalty under sec. |
|---|---|---|---|---|---|---|
| Year | Deficiency | 6651(a)(1) | 6651(a)(2) | 6651(f) | 6654(a) | 6663(a) |
| 1998[1] | $21,146 | $5,287 | --- | --- | --- | $15,860 |
| 1999[1] | -0- | -0- | --- | --- | --- | 17,619 |
| 2000[1] | 26,745 | --- | $6,686 | $19,390 | $1,404 | --- |
| 2001 | 9,414 | --- | 2,354 | 6,825 | 376 | --- |

[1]The respective amounts shown above for each of petitioner's taxable years 1998, 1999, and 2000 are less than the respective amounts that respondent determined in the notice for each of those taxable years. The amount of the addition to tax under sec. 6651(a)(1) for petitioner's taxable year 1999 that respondent determined in the notice was ($196).

The respective amounts of the deficiencies in petitioner's tax for his taxable years 1998 and 2000 with respect to which respondent seeks summary adjudication equal the respective amounts of the unpaid tax liabilities that the indictment charged, and the jury agreed, petitioner had for those taxable years. The respective

---

[4]All amounts are rounded to the nearest dollar.

[5]In respondent's motion, respondent concedes the determinations that respondent made in the notice with respect to petitioner's taxable year 2002, a taxable year not involved in the criminal proceeding.

**[*6]** amounts of the deficiencies in petitioner's tax for his taxable years 1999 and 2001 with respect to which respondent seeks summary adjudication are less than the respective amounts of the unpaid tax liabilities that the indictment charged, and the jury agreed, petitioner had for those years.

It is petitioner's position that there are genuine disputes of material fact that preclude us from granting respondent's motion. In support of that position, petitioner argues (petitioner's withholding credit argument) that his "employer" withheld tax from his wages during each of his taxable years 1998 through 2002 and that any deficiency in his tax for each of those taxable years must be determined by allowing him a credit for tax withheld for each such year.

We have jurisdiction to redetermine the correct amount of a deficiency where the Commissioner of Internal Revenue has issued a valid notice of deficiency and the taxpayer has timely filed a petition. E.g., Versteeg v. Commissioner, 91 T.C. 339, 340 (1988). The term "deficiency" is defined in section 6211(a) to mean

the amount by which the tax imposed * * * exceeds the excess of--

(1) the sum of

(A) the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon, plus

**[*7]**                    (B) the amounts previously assessed (or collected without assessment) as a deficiency, over--

(2) the amount of rebates * * * made.

Because the amount of a deficiency is determined "without regard to the credit under section 31",[6] sec. 6211(b)(1), we will not consider petitioner's withholding credit argument in determining whether to grant respondent's motion.

In addition to petitioner's withholding credit argument, petitioner advances in petitioner's response certain statements, contentions, arguments, and/or questions that we find to be frivolous and/or groundless.

Based upon our examination of the entire record before us, we conclude that there is no genuine dispute as to any material fact that requires a trial in this case. On that record, and taking into account the Order dated September 2, 2011, we further conclude that respondent is entitled as a matter of law to summary adjudication that petitioner is liable for deficiencies in, additions to, and fraud penalties on petitioner's tax for his taxable years 1998 through 2001 in the respective amounts set forth in respondent's motion.

---

[6]Sec. 31(a) provides that the amount withheld from wages as tax is to be allowed to the recipient of the income as a credit against the tax imposed by the Code.

**[*8]**  We turn now sua sponte to section 6673(a)(1),[7] a provision that we brought to petitioner's attention in the Order dated October 15, 2012.  In that Order, we ordered petitioner to file a response to respondent's motion.  We also admonished petitioner in the Order dated October 15, 2012, that we would impose a penalty on him under section 6673(a)(1) if he advanced frivolous and/or groundless statements, contentions, arguments, and/or questions and/or instituted or maintained this proceeding primarily for delay.  Nonetheless, petitioner advances in petitioner's response certain statements, contentions, arguments, and/or questions that we find to be frivolous and/or groundless.

On the record before us, we find that petitioner's position in this case is frivolous and groundless and that he instituted and maintained this case primarily for delay.  Accordingly, we shall impose on petitioner a penalty under section 6673(a)(1) in the amount of $20,000.

We have considered any statements, contentions, arguments, and/or questions of petitioner that are not frivolous and/or groundless and that are not discussed herein, and we find them to be without merit and/or irrelevant.

---

[7]Sec. 6673(a)(1) authorizes us to impose a penalty on a taxpayer in an amount not exceeding $25,000 if, inter alia, the taxpayer instituted or maintained a proceeding before us primarily for delay or the taxpayer's position in the proceeding is frivolous or groundless.

**[\*9]** On the record before us, we shall grant respondent's motion.

To reflect the foregoing, the concessions of respondent, and the Order dated September 2, 2011,

An appropriate order and decision will be entered.