T.C. Memo. 2013-140

UNITED STATES TAX COURT

MICHAEL BURT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26434-11L.                          Filed June 4, 2013.

Michael Burt, pro se.

<u>Timothy S. Murphy</u>, <u>Robert D. Heitmeyer</u>, and <u>A. Gary Begun</u>, for respondent.

MEMORANDUM OPINION

CHIECHI, <u>Judge</u>:  This case is before us on respondent's motion for summary judgment (respondent's motion).  We shall grant respondent's motion.

<u>Background</u>

The record establishes and/or the parties do not dispute the following.

[*2]   Petitioner resided in Michigan at the time he filed the petition.

On October 19, 2006, petitioner filed Form 1040, U.S. Individual Income Tax Return (Form 1040), for his taxable year 2005 (2005 Form 1040). In that form, petitioner showed "adjusted gross income" of $69,685, "Taxable income" of $37,985, "total tax" of $18,259, and "2005 estimated tax payments and amount applied from 2004 return" of $25,908. Petitioner showed in his 2005 Form 1040 an overpayment of Federal income tax (tax) of $7,649.

Respondent credited against the "total tax" of $18,259 that petitioner showed in his 2005 Form 1040 estimated tax payments of $14,620. As a result, petitioner had tax due of $3,639 for his taxable year 2005. Petitioner has not paid any of that tax due for that taxable year.

On August 22, 2008, petitioner filed Form 1040 for his taxable year 2004 (2004 Form 1040). In that form, petitioner showed "adjusted gross income" of $179,754, "Taxable income" of $146,061, "total tax" of $62,261, "Federal income tax withheld from Forms W-2 and 1099" of $11,703, "2004 estimated tax payments and amount applied from 2003 return" of $25,710, and "Amount paid with request for extension to file" of $36,136. Petitioner showed in his 2004 Form 1040 an overpayment of tax of $11,288.

[*3]   Respondent credited against the "total tax" of $62,261 that petitioner showed in his 2004 Form 1040 (1) tax withholding of $11,703, (2) estimated tax payments of $23,710, and (3) an overpayment of tax for his taxable year 2003 of $2,224.23.  As a result, petitioner had tax due of $24,623.77 for his taxable year 2004.  Petitioner has not paid any of that tax due for that taxable year.

On April 9, 2007, respondent assessed the "total tax" of $18,259 that petitioner showed in his 2005 Form 1040, an addition to tax under section 6651(a)(2)[1] of $218.34, and interest as provided by law for petitioner's taxable year 2005.  On certain other dates after April 9, 2007, respondent assessed certain additional amounts of the addition to tax under section 6651(a)(2) for petitioner's taxable year 2005.  (We shall refer to any unpaid assessed amounts with respect to petitioner's taxable year 2005, as well as any unassessed interest as provided by law, as petitioner's unpaid 2005 liability.)

On December 15, 2008, respondent assessed the "total tax" of $62,261 that petitioner showed in his 2004 Form 1040, additions to tax under section 6651(a)(1) and (2) of $5,540.35 and $5,417.23, respectively, and interest as provided by law for petitioner's taxable year 2004.  On certain other dates after

---

[1]All section references are to the Internal Revenue Code in effect at all relevant times.  All Rule references are to the Tax Court Rules of Practice and Procedure.

**[*4]** December 15, 2008, respondent abated in full the respective additions to tax under section 6651(a)(1) and (2) and also abated certain interest as provided by law, which respondent had assessed for petitioner's taxable year 2004. (We shall refer to any unpaid and unabated assessed amounts with respect to petitioner's taxable year 2004, as well as any unassessed interest as provided by law, as petitioner's unpaid 2004 liability.)

On June 30, 2009, respondent issued to petitioner a notice of Federal tax lien filing and your right to a hearing under IRC 6320 (notice of tax lien) with respect to petitioner's unpaid 2004 liability and petitioner's unpaid 2005 liability.

On July 15, 2009, respondent issued to petitioner a notice of intent to levy and notice of your right to a hearing (notice of intent to levy) with respect to petitioner's unpaid 2004 liability.

Petitioner timely submitted to respondent Form 12153, Request for a Collection Due Process or Equivalent Hearing (petitioner's Form 12153). In that form, petitioner, inter alia, requested a collection due process hearing with respondent's Appeals Office (Appeals Office) with respect to the notice of tax lien and the notice of intent to levy. In petitioner's Form 12153, petitioner (1) indicated that he intended to propose a collection alternative of (a) "Credit of up to $300,000 from Slodov trust fund not applied" and (b) "Amount claimed due

[*5] can not be verified"; (2) requested withdrawal of filed tax liens because, according to petitioner, "Lien and levy actions constitute a fraud on the part of IRS agents"; and (3) claimed that a certain internal revenue agent "has information to correct record reversing a jury verdict and court order incarcerating me for evasion of an income tax refund."[2]

On June 22, 2011, a settlement officer with the Appeals Office (settlement officer) held a telephonic hearing with petitioner. After that hearing, the settlement officer made the following pertinent entries in his "Case Activity Records":

> He [petitioner] stated that the only alternative collection proposal he can offer is that the government allow him his refunds for 1998-2001, as they would fully pay or close to fully pay the * * * CDP liabilities. * * * He questioned a cary forward from 2003. * * * He mentioned several times during the conference that he's hampered by loss of his records due to the foreclosure on his home and the incarceration.[3] * * * He contests that each of the latter * * * years' returns were filed late. He believes he filed them timely * * * within the extension period, and the IRS may not have timely processed them due to the criminal investigation. * * * Another issue he wants considered is whether any collection actions * * * should have occurred during the criminal proceedings. * * * Finally, he said he wanted it on record that he believes there's been an IRS coverup in his case, and that several employees should be fired. * * * He sauid that the Commissioner says in the 'rendition' * * * instruction booklet not to file the

---

[2]We take judicial notice that the U.S. Court of Appeals for the Sixth Circuit (Court of Appeals) affirmed petitioner's conviction for tax evasion under sec. 7201 for each of his taxable years 1998 through 2001.

[3]See supra note 2.

**[*6]** form if it doesn't comly with the Paperwork Reduction Act of 1995. He said that he knows I might consider that issue to be frivolous. * * * [Reproduced literally.]

On October 13, 2011, respondent issued to petitioner a notice of determination concerning collection action(s) under section 6320 and/or 6330 (notice of determination) with respect to petitioner's unpaid 2004 liability and petitioner's unpaid 2005 liability. That notice stated in pertinent part:

### Summary of Determination

Relief under IRC § 6320 from the filing of the Notice of Federal Tax Lien (NFTL) for your 2004 and 2005 liabilities is denied. IRS Compliance met the legal and procedural requirements for the filing of the NFTL.

Relief under IRC § 6330 from the collection action proposed for your 2004 liability is granted. This liability and your other liabilities will remain or be placed into currently not collectible status due to hardship.

The notice of determination included an attachment that stated in pertinent part:

### Summary and Recommendation

You timely requested a Collection Due Process (CDP) hearing under Internal Revenue Code (IRC) section 6320 regarding your 2004 and 2005 income tax liabilities. In the hearing request, you indicate that you disagree with the filing of the Notice of Federal Tax Lien (NFTL).

**[*7]** You timely requested a CDP hearing under IRC § 6330 regarding your 2005 income tax liability. You indicate that you disagree with the Notice of Levy proposed by IRS Compliance.

You write that the amount claimed as due cannot be verified, and a credit of up to $300,000 has not been applied to these liabilities. You further write that an IRS agent has information that could correct a jury verdict and court order incarcerating you for an income tax related conviction, but she is fearful of doing so because she could lose her job.

- Appeals' determination is to deny you relief from the filing of the NFTL. The revenue officer (RO) met all legal and procedural requirements for the filing of the NFTL.

  You neither challenged the underlying liabilities, nor proposed a viable collection alternative that would allow for the withdrawal or release of the NFTL.

- Appeals' determination is to grant you relief from the proposed collection action. All of your delinquent accounts will remain or be placed into currently not collectible status due to hardship.

### Brief Background

Each of these liabilities is based upon a Form 1040 income tax return that you voluntarily filed. You owe because you had insufficient withholding and did not make sufficient estimated tax payments to pay the tax.

The IRS's Kansas City Service Center assessed the tax you reported for these years, with penalty and interest required by the IRC. The Service Center sent letters notifying you of each assessment and demanding payment, but you failed to pay.

**[*8]** Your delinquent accounts were assigned to a revenue officer (RO). As part of her effort to collect them, she initiated the filing of the NFTL. You were informed of the lien filing and of your right to a CDP hearing by Letter 3172, *Notice of Federal Tax Lien Filing and Your Right to a Hearing under IRC 6320*, dated June 30, 2009.

On July 15, 2009, the RO sent you Letter 1058 (L-1058), *Notice of Intent to Levy and Notice of Your Right to a Hearing*, for the 2004 liability.

On August 3, 2009, the RO received your timely hearing request regarding both the NFTL and proposed Notice of Levy.

Settlement Officer John Roney sent you a letter scheduling a hearing via telephone, but offering a face-to-face hearing if you preferred. You did not request such a hearing so, on June 22, 2011, you and he conducted the CDP hearing via telephone.

### Discussion and Analysis

IRC § 6320 defers to IRC § 6330 on matters considered in the CDP hearing.

IRC § 6330(c)(2)(A) states that a person may raise at a CDP hearing any relevant issue relating to the unpaid tax or the proposed levy, including --

> (i)     appropriate spousal defenses;
> (ii)    challenges to the appropriateness of the collection actions; and
> (iii)   offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise.

IRC § 6330(c)(2)(B) states that the person may also raise at the hearing challenges to the existence or amount of the underlying tax

**[*9]** liability for any period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.

## Verification of legal and procedural requirements:

Appeals has verified that the RO met the requirements of various applicable laws and administrative procedures in issuing the CDP notices.

These items were verified through review of IRS transcripts of these accounts:

- These assessments were made pursuant to IRC § 6201.
- The notice and demand for payment letter for each assessment was mailed to your last known address within sixty (60) days of assessment, in accordance with IRC § 6303.
- There were balances due when the CDP notices were issued, as required by IRC §§ 6322 and 6331(a).
- There is no indication you have a pending bankruptcy case. There is no indication you had a pending bankruptcy case when the CDP notices were sent.
- A computer code (TC 520) has been properly input to suspend collection action on these accounts and to suspend the running of their statutory collection periods while your case was being considered in Appeals.
- Pursuant to IRC § 6331(k)(1) and (2), there was no offer-in-compromise or installment agreement pending or currently in effect.

These items were verified through review of the RO's administrative file:

- In accordance with IRC § 6320(a), Letter 3172, *Notice of Federal Tax Lien Filing and Notice of Your Right to a Hearing under IRC 6320*, was sent via certified mail to your last known address within five business days of the mailing of the NFTL for recording.

**[*10]**      •       In accordance with IRC §§ 6330(a) and 6331(d), the RO sent the L-1058 CDP notice via certified mail to your last known address.

      •       The RO had contact with you prior to issuing the two CDP notices.

The settlement officer has had no prior involvement with you, either in a previous Appeals hearing or in Compliance activities, concerning these liabilities.

**<u>Issues you raised relating to the liability:</u>**

During the hearing, you did not challenge the underlying liabilities.

You stated that the only collection alternative you can propose is that the government allow you refunds for the years 1998 through 2001 pursuant to amended returns you filed for those years. Those refunds would possibly fully pay these two CDP liabilities, as well as your 1999 and 2006 income tax liabilities that are currently the subjects of a CDP equivalent hearing.

      •       Your 1998, 1999, 2000, 2001, and 2002 years are currently under the jurisdiction of the U.S. Tax Court. If the Court's decisions for those years result in refunds due you, those refunds will be offset to the CDP liabilities.

You said that you are homeless and have lost everything due to your criminal conviction and incarceration, so you can't pay these liabilities. The RO told you that she had decided your accounts are currently not collectible. You would like them to remain in currently not collectible status.

      •       IRS records indicate that after you requested this CDP hearing, the RO placed your accounts into currently not collectible status due to hardship based upon a collection information statement you gave her.

**[*11]**  •  These accounts will remain in currently not collectible status following this hearing. Penalties and interest will continue to accrue, and Compliance has the right to contact you in the future to determine your collectibility.

Regarding your 2004 liability, you questioned whether a loss carried forward from your 2003 account had been properly applied.

You said that you are hampered by the loss of many records due to your incarceration and the loss of your house to foreclosure. However, you think the carry forward from 2003 was approximately $13,000.

•  The settlement officer reviewed transcripts of both 2003 and 2004. They show a 2003 overpayment of $2,224.23 credited to your 2004 account. You did not provide any documentation showing that the 2003 overpayment should have been larger. The settlement officer assumes, therefore, that the credited amount is correct.

Regarding both 2004 and 2005, you disputed that either return was filed late. You said that both returns would have been timely filed within the automatic filing extension period.

•  Review of the 2004 transcript indicates that the IRS assessed a $5,540.35 IRC § 6651(a)(1) penalty for failure to file. That penalty was later fully abated due to reasonable cause.

•  Review for the 2005 transcript shows the return was received within several days of the extended October 15, 2006, filing deadline. The IRS did not assert a § 6651(a)(1) penalty for 2005.

You questioned whether the NFTL should have been filed and the L-1058 issued for these liabilities during the criminal proceedings against you.

[*12] • Internal Revenue Manual (IRM) part 5.1.5.1 (1) states, "The Internal Revenue Code contains both civil and criminal provisions to address fraud. Revenue officers may conduct civil investigations before, during or after criminal investigations of the same taxpayer. If the investigation is conducted simultaneously with the criminal investigation, the process is referred to as a parallel investigation."

IRM 5.1.5.1 (3) says , "Some potential civil remedies that could occur in a parallel proceeding are IRC § 6672 Trust Fund Recovery Penalty investigations, injunctions for pyramiding taxpayers, Notice of Federal Tax Lien filings, issuance of levies, jeopardy levies, service of summons, and pursuit of erroneous refunds."

You stated that you wanted on record that you believe there has been an IRS cover-up in your case, and that several of the IRS employees involved should be fired.

Finally, you said that in the IRS's Form 1040 instruction booklet, the Commissioner says not to file the form if it doesn't comply with the Paperwork Reduction Act of 1995.

You raised no other issues during the conference.

After your conference, you sent the settlement officer a letter stating your positions.

In the letter, you reiterate that you would like the $300,000 withheld from your wages from 1997 through 2001 to be applied to these liabilities. You state that if those amounts had been properly applied during the criminal trial, you would not have a stigma and would have received at least $800,000 of additional funds since 2008.

**[*13]**    •    This is not so much a collection alternative as it is a challenge of those earlier years' liabilities. As stated earlier, the Tax Court will address those earlier years.

You challenge the validity of these assessments for several reasons, including that the Forms 1040 and 1040X are not in compliance with the Paperwork Reduction Act of 1995 and cannot carry a valid OMB number; therefore, you are subject to the protections of 44 USC § 3512.

•    This argument is among the frivolous arguments listed in the IRS's Notice 2008-14 and will not be addressed in this determination.

You state that if there is any balance of tax due after the application of your refunds from the earlier years, you would like that balance reduced to .25 % due to hardship. You calculated the .25 % based on the fact that, prior to your tax conviction, your earning potential was $48 per hour. Post conviction earnings, based on the stigma of having been convicted as a felon, are $0.12 per hour.

•    The settlement officer takes this to be a request to compromise your liabilities. An offer-in-compromise can be a legitimate collection alternative within CDP. However, you did not submit Form 656, *Offer in Compromise*, or the Form 433-A Collection Information Statement that Appeals would need in order to consider an offer.

Although you did not request the withdrawal of the NFTL, the settlement officer considered whether any of the following criteria for withdrawal of the NFTL existed in your case. IRC § 6323(j) allows for the IRS to withdraw the NFTL when it is determined that --

the filing of the NFTL was premature or otherwise not in accordance with the IRS's administrative procedures,

**[*14]**     the taxpayer has entered into an installment agreement under § 6159 to satisfy the tax liability for which the lien was imposed by means of installment payments, unless such agreement provides otherwise,

the withdrawal of the NFTL will facilitate collection of the liability, or

with the consent of the taxpayer or the National Taxpayer Advocate, the withdrawal of the NFTL would be in the best interests of the taxpayer (as determined by the National Taxpayer Advocate) and the United States.

You provided no information in this hearing, and there is no information in the RO's administrative file, that indicates withdrawal of the filed lien should be considered.

**Balancing efficient tax collection with concern that the collection action be no more intrusive than necessary:**

You did not challenge the underlying liabilities, nor did you propose a viable collection alternative that would allow Appeals to consider withdrawal or release of the filed NFTL. Appeals believes, therefore, that the filing of the NFTL was appropriate and balances the government's need to efficiently collect these liabilities with your legitimate concern regarding the intrusiveness of the NFTL.

The NFTL is one of the less intrusive collection tools and is necessary to protect the government's interest in your property from other creditors.

You provided financial information to the RO showing that you currently lack the assets and income to pay these liabilities. The enforced collection of these liabilities, therefore, would not be appropriate. Appeals believes that the placing of all your accounts into currently not collectible status due to hardship is appropriate and

**[\*15]** balances the need for efficient collection with your legitimate concern regarding intrusiveness.

On September 21, 2012, we issued an Order in which we ordered petitioner to file a response to respondent's motion. In that Order, we also indicated that our review of the petition suggested that petitioner might intend to advance in this case certain frivolous and/or groundless statements, contentions, arguments, and/or questions. We reminded petitioner in the Order dated September 21, 2012, about section 6673(a)(1) and admonished him that if he advanced in this case frivolous and/or groundless statements, contentions, arguments, and/or questions and/or instituted or maintained this proceeding primarily for delay, we would impose on him a penalty under section 6673(a)(1) in an amount not exceeding $25,000.

On October 11, 2012, petitioner filed a response to respondent's motion (petitioner's response).

## Discussion

We may grant summary judgment where there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994).

**[\*16]**  It is petitioner's position that there are genuine disputes of material fact that preclude us from granting respondent's motion.  In support of that position, petitioner argues in petitioner's response (petitioner's overpayment argument) (1) that he overpaid his tax for each of his taxable years 1998 through 2001 by an aggregate amount of approximately \$100,000 and (2) that he overpaid his tax for his taxable year 2003 by an amount that exceeds the \$2,224.23 that respondent credited against the "total tax" that petitioner showed in his 2004 Form 1040.  According to petitioner, those alleged overpayments of tax eliminate, or at least reduce, petitioner's unpaid 2004 liability and petitioner's unpaid 2005 liability.

Section 6330(d)(1) provides that "the Tax Court shall have jurisdiction with respect to such matter" as is covered in a notice of determination issued to a taxpayer after a hearing with the Appeals Office concerning a proposed collection action.  See Davis v. Commissioner, 115 T.C. 35, 37 (2000).

In Weber v. Commissioner, 138 T.C. 348, 366 (2012), we held that we do not have jurisdiction under section 6330 to "determine an overpayment of an unrelated liability."  We stated in Weber:

> An overpayment of a * * * [tax liability] that has been deter-
> mined by the IRS or a court but has not been either refunded or
> applied to another liability may be an "available credit" that * * *
> could be taken into account in a CDP hearing to determine whether
> the tax at issue remains "unpaid" and whether the IRS can proceed

**[\*17]** with collection.  But a mere claim of an overpayment is not an "*available* credit" but is instead a *claim* for a credit; and such a claim need not be resolved before the IRS can proceed with collection of the liability at issue. * * *

Id. at 371-372.

Neither respondent nor any court has determined that petitioner overpaid his tax for any of his taxable years 1998 through 2001[4] or that petitioner overpaid his tax for his taxable year 2003 by an amount that exceeds the $2,224.23 that respondent credited against the "total tax" that petitioner showed in his 2004 Form 1040.  Therefore, petitioner does not have an "available credit" for any of his taxable years 1998 through 2001 and 2003 that can be taken into account in determining whether his tax liability for his taxable years 2004 and 2005 remains unpaid.  See id. at 371.  Instead, petitioner has a "claim for a credit" for each of those taxable years.  See id. at 371-372.  Any such claim "need not be resolved

---

[4]Indeed, as discussed supra note 2, the Court of Appeals affirmed petitioner's conviction for tax evasion under sec. 7201 for each of his taxable years 1998 through 2001.  See Burt v. Commissioner, T.C. Memo. 2013-58.  In order to have been convicted of tax evasion, the Government had to have proved beyond a reasonable doubt that for each of those taxable years (1) petitioner had additional tax due and owing, (2) petitioner committed an affirmative act of evasion or attempted evasion of that tax, and (3) petitioner willfully violated the tax law.  See Sansone v. United States, 380 U.S. 343, 351 (1965); United States v. Daniel, 956 F.2d 540, 542 (6th Cir. 1992).  If petitioner had additional tax due and owing for each of his taxable years 1998 through 2001, a fortiori petitioner underpaid, and did not overpay, his tax for each of those taxable years.

**[\*18]** before the IRS can proceed with collection of the liability at issue." <u>See</u> <u>id.</u> at 372. We shall not consider petitioner's overpayment argument in determining whether to grant respondent's motion.

In addition to petitioner's overpayment argument, petitioner advances in petitioner's response certain statements, contentions, arguments, and/or questions that we find to be frivolous and/or groundless.

Based upon our examination of the entire record before us, we conclude that there is no genuine dispute as to any material fact that requires a trial in this case. On that record, we further conclude that the determinations in the notice of determination with respect to petitioner's unpaid 2004 liability and petitioner's unpaid 2005 liability should be sustained.

We consider sua sponte whether to impose on petitioner a penalty under section 6673(a)(1), a provision that we brought to his attention in our Order dated September 21, 2012.[5] Section 6673(a)(1) authorizes us to require a taxpayer to pay to the United States a penalty in an amount not to exceed $25,000 whenever it

---

[5]Petitioner is no stranger to us. In <u>Burt v. Commissioner</u>, T.C. Memo. 2013-58, at \*8, which was released after petitioner filed petitioner's response in the instant case, we found that "petitioner's position in this case is frivolous and groundless and that he instituted and maintained this case primarily for delay." As a result, in <u>Burt</u>, we imposed a penalty of $20,000 on petitioner under sec. 6673(a)(1).

**[\*19]** appears to us, inter alia, that the taxpayer instituted or maintained a proceeding before us primarily for delay, sec. 6673(a)(1)(A), or that the taxpayer's position in a proceeding before us is frivolous or groundless, sec. 6673(a)(1)(B).

We believe that petitioner instituted and maintained this case primarily for delay and that certain of the statements, contentions, arguments, and/or questions that petitioner advances in the petition and petitioner's response are frivolous and/or groundless. Nonetheless, we shall not impose a penalty under section 6673(a)(1) on petitioner in this case. We caution him that he may be subject to such a penalty if in the future he institutes or maintains a proceeding before us primarily for delay and/or his position in any such proceeding is frivolous or groundless. See Abrams v. Commissioner, 82 T.C. 403, 409-413 (1984); White v. Commissioner, 72 T.C. 1126, 1135-1136 (1979).

We have considered any statements, contentions, arguments, and/or questions of petitioner that are not frivolous and/or groundless and that are not discussed herein, and we find them to be without merit and/or irrelevant.

On the record before us, we shall grant respondent's motion.

[*20] To reflect the foregoing,

An order granting respondent's motion and decision for respondent will be entered.